AFFIDAVIT CHARGING UNLAWFUL PRACTICE OF DENTISTRY MUST SPECIFY ACTS CONSTITUTING SUCH PRACTICE.

Common Pleas Court of Hamilton County.

CLEMENS FABRY V. THE STATE OF OHIO.

Decided, February 2, 1927.

*Criminel Law—Charge Against Accused Must be Sufficiently Defined—In Affidavit as in Indictment—Sections 1320 and 1329, General Code, Relating to Practice of Dentistry—Affidavit Charging Practice without License must Specify Acts Constituting such Practice—Question of Sufficiency of Affidavit may be Raised for First Time after Judgment.*

1. Under constitutional provisions, a criminal charge must be sufficiently defined to inform the accused of the cause and nature of the accusation against him.

2. An affidavit or information must in general be as definite and particular in allegation as an indictment.

3. Section 1320 General Code, making it unlawful to practice dentistry without a license, must be read in connection with section 1329, General Code, which defines the practice of dentistry.

4. An affidavit merely charging that defendant practiced dentistry without having obtained a license, contrary to the provisions of Section 1320, General Code, and without stating any acts he committed or whether he had done any or all of the things declared by Section 1329, General Code to constitute practicing dentistry, is defective.

5. While the question of the sufficiency of the affidavit could have been reached by demurrer before trial, the defendant was under no obligation to file a demurrer, and upon general principles has a right to raise the question for the first time after judgment, or even after plea of guilty.

*William J. Schick,* for the plaintiff in error.

*John D. Ellis,* City Solicitor, and *Harry J. Wernke,* Assistant City Solicitor, for defendant in error.

DARBY, J.

The plaintiff in error was prosecuted in the Municipal Court on an affidavit charging him as follows:

"Did then and there unlawfully practice dentistry without having first obtained a license from the State Dental Board as provided by law, contrary to and in violation of Section 1320 of the General Code of Ohio *      *      *."

The affidavit does not seem to have been challenged by motion or demurrer. The transcript of the docket of the Municipal Court shows the filing of the charge, the hearing upon the same, conviction and sentence to pay a fine of one hundred dollars and costs, and to stand committed until fine and costs are paid, etc.

After judgment, a motion for new trial was filed, which was overruled, and at the same time the defendant filed a motion in arrest of judgment on the ground—

"That the facts stated in the affidavit do not constitute an offense, in that—

"1. The affidavit fails to set out definitely any acts or operations performed by the defendant, relied upon as constituting the practice of dentistry as alleged in said affidavit so as to apprise the defendant of the offense charged against him, and enable him to make his defense thereto."

This motion was overruled by the court, as appears by the papers in the case, though the transcript makes no reference to the motion in arrest. No bill of exceptions has been

filed in the case, so that the only question now before the court is as to the sufficiency of the affidavit.

Section 1320, General Code, referred to in the affidavit is in these words:

"Unless previously qualified as provided by law, no perosn shall practice dentistry in this state until he has obtained a license from the State Dental Board as hereinafter provided."

It will be observed that that section does not undertake to define the practice of dentistry, and if it were the only provision on the subject, it would seem clear that a prosecution could not be maintained against one who did practice dentistry. The Legislature doubtless recognized this situation, and sought to render the matter clear by enacting Section 1329, General Code, which provides:

"A person shall be regarded as practicing dentistry who is a manager, proprietor, operator or conductor of a place for performing dental operations, or who, for a fee, salary, or other reward, paid or to be paid, either to himself or to another person porforms or advertises to perform dental operations of any kind, treats diseases or lesions of human teeth or jaws, or attempts to correct mal-positions thereof, or who uses the word 'dentist,' 'dental surgeon,' the letters 'D.D.S.' or other letters or title in connection with his name which in any way represents him as being engaged in the practice of dentistry."

Certain general principles of pleading in criminal cases are involved in the solution of this case.

Plainly enough, under constitutional provisions, a criminal charge must be sufficiently defined to inform the accused of the cause and nature of the accusation against him.

Authorities to sustain this principle are entirely unnecessary, and it is equally well settled in this state that an affidavit or information must in general be as definite and particular in allegation as an indictment.

In *Dillingham* v. *State*, 5 O. S., 280, the Supreme Court, speaking through Ranney, C. J., said (see p. 283):

"3. The only remaining question in the case relates to the sufficiency of the information. As a general rule there can be no doubt that an information must contain all the

substantial requisites of an indictment; and just as little that in accusations for this offense it is not sufficient simply to follow the language of the statute. The particular pretense or pretenses by which the money is obtained must be specifically stated, and the indictment or information must afford all the material facts which it is necessary to prove to produce a conviction, and with such reasonable certainty as to advise the accused what he may expect to meet on the trial."

In that case the court reversed the conviction, for the reason that the allegations of the pretenses relied upon were not sufficient in law.

A case nearer in its general aspect to the one at bar is *Lamberton* v. *State,* 11 Ohio St., 281, the syllabus of which is as follows:

"An indictment for resisting an officer in the execution of his duty must set forth all the facts necessary to constitute the offense."

That was an indictment setting forth in the words of the statute, that the defendant—

"One David Byrte then and there being sheriff of said county, and also then and there being in the execution of his office as such sheriff as aforesaid, unlawfully did resist, contrary *    *    *."

A plea of guilty was entered to this charge, judgment rendered, and on error in the Supreme Court it was claimed that the indictment was materially defective in that it did not set forth—

"The act of resistance, the mode and manner of resistance, and that it is too general and indefinite in its terms and language."

In the opinion of the court on p. 284 it is said:

"It is a rule of criminal law, based upon sound principles, that every indictment should contain a complete description of the offense charged. That it should set forth the facts constituting the offense, so that the accused may have notice of what he is to meet; the act done which it behooves him to controvert, so that the court applying the law to the facts charged against him, may see that a crime has been committed."

"A contrary doctrine would deprive the accused of one of the means humanely provided for the protection of innocence; the right of having the law of his case passed upon by judges learned and experienced in matters of criminal jurisprudence. For how could a court determine upon the face of this indictment what were the facts upon which the grand inquest of the county predicated their conclusion that the sheriff was unlawfully resisted in the execution of his duty? This indictment sets forth no fact whatsoever; it simply states a conclusion of law predicated upon a supposed state of facts. Whether this conclusion was correct, or an error of the grand jury we have no means of determining. For aught what appears it may have been that the sheriff was executing an illegal writ, one without a seal, or issued from a court having no jurisdiction, or through some other cause defective. It is not safe to trust to such general allegations in an indictment. They do not meet the intention of the framers of the Constitution, who provided that every person should be allowed to meet his accuser face to face, and be furnished with the nature and cause of the accusation against him."

As suggested, the resistance to the office might have been of any act which he might legally perform, and the court holds that it must be shown to be an act which would be in law the resistance of an officer. It is plainly suggested that it would not be a criminal offense for the defendant to have resisted the sheriff in the execution of an act which he had no right to perform.

Section 1320 standing alone would be meaningless; it must be read therefore, in connection with Section 1329 which defines the practice of dentistry.

The conclusion of the affiant is of no greater validity in this case than the conclusion of the grand jury was in the Lamberton cases, *supra,* and the facts in this case were just as necessary to be set forth as they were in the Lamberton case. The affidavit gave no notice to the defendant of any act which it was charged he had committed, as to whether he had done one or all of the things declared to be practicing dentistry, or whether he did something was entirely without the definition of practicing dentistry. He therefore was not apprised of the nature and cause of the accusation against him, but had the bare statement, that, according to the

opinion of the affiant, the defendant had practiced dentistry.

In *Boyatt* v. *State*, 114 O. H., 397, it has been laid down that under the practice in this state, the defendant is not entitled to a bill of particulars in criminal cases.   A demurrer would have reached this question before trial, but the defendant was under no obligation to file a demurrer, and upon general principles has a right for the first time to raise the question here presented after verdict and judgment, or even after plea of guilty, as in the Lamberton case.

It may be said in passing that the case last referred to is an old case, but this principle has never been departed from, and it has been many times cited and quoted with approval.

In *Geiger* v. *State*, 5 C. C., 283 it is laid down:

"If an indictment upon which a defendant has been convicted and sentenced is fatally defective, and charges no offense, such defendant in a proceeding in error prosecuted by him to reverse such judgment, may avail himself thereof, though no demurrer was filed to the indictment and there was no motion in arrest of the judgment."

In *Hagar* v. *State*, 35 O. S., 268, the syllabus is:

"An indictment charging that the prisoner broke into a *store room* is insufficient under a statute making it an offense to break into a 'storehouse;' and the defect is available to him though the objection was not made until the verdict had been rendered."

The court pointed out in that case that the defect is not one of form, but of substance.

A proper form of indictment or information under a kindred statute is to be found in *Hale* v. *State*, 58 O. S., 677, which was a prosecution for practicing medicine contrary to the act to regulate such practice.

The court is of the opinion that the Municipal Court erred in overruling the motion in arrest of judgment, for which reason the judgment of the Municipal Court is reversed and the defendant discharged.